JS - 6

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| AARON GEORGE ZEEMAN,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES DISTRICT<br>COURT DISTRICT OF HAWAII<br>PROBATION OFFICE, et al.,<br><br>　　　　Defendants. | CV 14-00328 RSWL<br><br>**ORDER re: DEFENDANTS'**<br>**MOTION TO DISMISS**<br>**PURSUANT TO FED. R. CIV.**<br>**P. 12** [42] |

　　　Currently before the Court is Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B) ("Motion") [42].  The present Motion arises from an action brought by Plaintiff Aaron George Zeeman ("Plaintiff") against Defendant United States District Court District of Hawaii Probation Office ("Probation Office"), and various Probation Office employees, Defendants Felix S. Mata ("Mata"), Johnathan K. Skedelski ("Skedelski"), and Keola Jenkins ("Jenkins") (collectively, "Defendants").  Plaintiff alleges violations to his constitutional rights and other violations of federal law stemming from Plaintiff's probation conditions.

1

**I.   BACKGROUND**

**A.   Factual Background**

On June 18, 2014, Plaintiff entered a guilty plea to four counts of Distribution of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 941(b)(1)(D), before the Honorable Leslie E. Kobayashi ("Judge Kobayashi") of the United States District Court, District of Hawaii. See Judgment in Criminal Case in the matter of U.S. v. Aaron George Zeeman, dated 7/18/2014, Defs.' Mot. to Dismiss ("Mot.") Ex. A. (hereinafter "July 18 Judgment"), ECF No. 42-3. Plaintiff was sentenced to two years of probation for each of the four counts, to run concurrently. Id. at p. 3.

As a general condition of probation, Judge Kobayashi ordered in pertinent part:

> That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of probation. Id.

Additionally, as Special Condition No. 3 of Plaintiff's probation, Judge Kobayashi ordered:

> The defendant is prohibited from using marijuana, synthetic marijuana, any products containing

2

    tetrahydrocannabinol (THC), or any other products derived from a marijuana plant, including for medicinal or business purposes, without the prior approval of the Probation Office. Id. at p. 4.

    Plaintiff alleges in his AC that "[a]t all times relevant herein, Plaintiff was under a Medical Doctor's care for his debilitating medical condition (Parasitic Meningitis), which includes neuropathy and chronic pain." AC ¶ 15, ECF No. 38. Plaintiff further alleges that, at all relevant times, he held a valid prescription for Cesament, Marinol[1], and Medical Cannabis from a "Medical Doctor" to manage his pain, as well as a valid Hawaii Medical Marijuana Certification. Id. at ¶¶ 17-19.

    Plaintiff alleges that Defendants would not consent to Plaintiff's use of marijuana or Marinol during his period of probation, as is required by Special Instruction No. 3. Plaintiff alleges that the Defendants' decision to withhold consent for Plaintiff to use Marinol or medical marijuana violates his constitutional rights under the Fourth Amendment, Fifth Amendment, Eighth Amendment, and Fourteenth Amendment. Plaintiff further alleges that Defendants' withholding of consent constituted discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"),

---

[1] Marinol is a synthetic prescription drug which contains THC, the active ingredient in marijuana. Raich v. Gonzales, 500 F.3d 850, 871 n. 2 (9th Cir. 2007)(dissenting opinion).

breach of privacy under the Health Insurance Portability and Accountability Act ("HIPPA"), fraud, unlawful detention, and a breach of Defendants' oath of office. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief ordering the Defendants to authorize the use of Marinol and medical marijuana wherever prescribed, and requiring the Department of Justice and Probation to "cease and desist arrests and/or prosecutions of probations or defendants on 'pre-trial' use, possession, growing or sales of state legally sanctioned medical marijuana when such law exists and is current." AC ¶¶ 8, 11, 142.

On October 20, 2014, in Plaintiff's criminal case, Judge Kobayashi conducted a hearing to adjudicate certain violations of Plaintiff's probation conditions, in particular, Plaintiff's use of marijuana and Marinol in June, July, and August 2014. See Judgment in Criminal Case in the matter of U.S. v. Aaron George Zeeman, dated 10/20/2014, Declaration of Michael F. Albanese ("Albanese Decl.") Ex. A. (hereinafter "October 20 Judgment"), ECF No. 42-3. At this hearing, Plaintiff admitted guilt to nine violations of his probation conditions, seven of which included violations of Special Condition No. 3, the specific prohibition against the use of marijuana and other products containing THC. Id. at p. 2. As a result of Plaintiff's admission of guilt, Judge Kobayashi re-

4

sentenced Plaintiff to three months of incarceration for each of the four original felony counts, to be served consecutively, for a total of twelve (12) months incarceration. Id. at p. 3.

**B.  Procedural Background**

Plaintiff filed his Complaint on July 22, 2014. See Compl., ECF No. 1. Defendants filed an Answer to the original Complaint on January 22, 2015, and filed a motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure Rule 12(c). Before that motion could be decided, Plaintiff requested an extension of time to file an amended complaint until September 24, 2015. The Court granted Plaintiff's request on May 13, 2015, and the pending motion for judgment on the pleadings was rendered moot [34]. On September 24, 2015, Plaintiff filed his AC. Defendants now file the instant Motion, seeking dismissal of Plaintiff's AC with prejudice.

## II.  DISCUSSION

**A.  Legal Standards**

   1.  Motion to Dismiss Pursuant to FRCP 12(b)(1) - Lack of Subject Matter Jurisdiction

Article III of the United States Constitution requires a case or controversy in order for federal courts to have subject matter jurisdiction. U.S. Const. Art. 3, § 2. Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. A

court is free to determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) "unless the jurisdictional issue is inextricable from the merits of a case." Kingman Reef Atoll Invs., L.L.C. v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008) (citing Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987)).  A defendant may challenge a plaintiff's standing in a motion to dismiss under F.R.C.P. 12(b)(1) for "lack of subject-matter jurisdiction." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

    The standing doctrine eliminates claims that fail to create a case or controversy. Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009); Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004). Standing is a jurisdictional requirement that precedes analysis of the merits. Krottner v. Starbucks Corp., 628 F.3d 1139, 1141 (9th Cir. 2010).  The party seeking to invoke the jurisdiction of the federal courts has the burden of alleging specific facts to satisfy the three elements of constitutional standing. Schmier v. U.S. Court of Appeals for the Ninth Cir., 279 F.3d 817, 821 (9th Cir. 2002).  The plaintiff must establish (1) a legally recognized injury, (2) caused by the named defendant that is (3) capable of legal or equitable redress.  Id.  "Injury in fact," as required for federal standing, is an invasion of a legally protected

interest which is (a) concrete and particularized, and (b) actual or imminent, not "conjectural" or "hypothetical," where "particularized" means simply that the injury must affect the plaintiff in a personal and individual way. U.S. Const. Art. 3, § 2, cl. 1.

"The party asserting subject matter jurisdiction has the burden of proving its existence." Hancock v. Kulana Partners, LLC, 992 F.Supp.2d 1053, 1057 (D. Haw. 2014) (quoting Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009)); see also Kokkenen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The Court may dismiss a matter for lack of subject matter jurisdiction if, accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines that the allegations are insufficient to establish the Court's jurisdiction. Bartholomew v. Burger King Corp., 21 F.Supp.3d 1089, 1094 (D. Haw. 2014) (citing Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013)). Dismissal for lack of subject matter jurisdiction is appropriate if the claim (1) does not arise under the Constitution, law, or treaties of the United States; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198 (1962).

//

### 2. Motion to Dismiss Pursuant to FRCP 12(b)(6) – Failure to State a Claim on Which Relief May be Granted

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Dismissal can be based on "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint "should not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In a Rule 12(b)(6) motion to dismiss, a court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party.  Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

8

(2007) (internal citation omitted). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

**B.   Analysis**

Federal courts have no subject matter jurisdiction to hear a claim against the United States, absent a clear waiver of sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994)("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed" in the text of a statute. United States v. Mitchell, 455 U.S. 535, 538 (1980)(citation omitted).

This immunity extends to officials acting in their official capacity. See Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987). In fact, the District of Hawaii has held that sovereign immunity extends in particular to civil rights cases brought pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), like the present matter.[2]  See Jones v.

---

[2] The Court discusses the implications of section 1983 suits and Bivens actions interchangeably. The caselaw applicable to a section 1983 action against state actors is equally applicable to a Bivens action against federal actors. The Ninth Circuit has held that actions under section 1983 and Bivens are identical except for the exchange of state and federal actors. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

Shinn, No. CV-14-00231-LEK, 2014 WL 3663769 at *2 (D. Haw. July 21, 2014)("Bivens does not authorize suits against the government or its agencies for monetary relief.") (citing FDIC v. Meyer, 510 U.S. 471, 486 (1994); Ibrahim v. Dept. of Homeland Sec., 538 1250, 1257 (9th Cir. 2008)).  Furthermore, many circuit courts have held that Bivens will not support an action against federal officials sued in their official capacity only.  See Daly-Murphy, 837 F.2d at 355; Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991). Rather, Bivens actions are "against federal officials individually." Randall v. U.S., 95 F.3d 339, 345 (4th Cir. 1996).  Significantly, a plaintiff cannot have a valid basis for a claim under section 1983 if the plaintiff is suing federal officials "acting under color of federal law." Daly-Murphy, 837 F.2d at 355.

    Finally, circuit courts have held that sovereign immunity applies specifically to the U.S. Probation Office and its agents when those agents are sued in their official capacities for actions taken under color of federal law.  See e.g. Humphrey v. U.S. Prob. Dep't, 221 F.3d 1334 (6th Cir. 2000) (holding that group of federal defendants which included the U.S. Probation Department and probation officials sued in their official capacities are protected by sovereign immunity); Fuller-Avent v. U.S. Prob. Office, 226 F. App'x 1, 4 (D.C. Cir. 2006).

This Court finds that to the extent Plaintiff has asserted constitutional claims against the Probation Office directly, these claims are foreclosed by FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (rejecting extension of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) to suits against federal agencies). There is no indication that the Probation Office expressly waived sovereign immunity, and thus the Court finds Plaintiff did not state a viable cause of action against the Probation Office. Daly-Murphy, 837 F.2d at 355. The Court thus **GRANTS** Defendants' Motion to Dismiss [42] as to Plaintiff's claims against the Probation Office.

This Court further finds Plaintiff does not state viable claims against the individual defendants, U.S. Probation Officers Mata, Skedelski, and Jenkins. On two occasions, June 24, 2014 and July 3, 2014, Plaintiff alleges Jenkins told Plaintiff that she would not give approval for Plaintiff to use marijuana or Marinol. AC ¶¶ 24-25, ECF No. 38. Plaintiff's claims against Jenkins arise from this conduct. Although Plaintiff claims he is suing each defendant "individually and in [their] official capacity," AC ¶¶ 2-5, the Court should find that Jenkins was acting solely in her official capacity as probation officer when she allegedly denied Plaintiff access to marijuana and Marinol. Plaintiff has no valid basis for section

1983 claims against Jenkins as Jenkins is a federal official and was acting under color of federal law when she committed the acts that gave rise to Plaintiff's claims.  There is no indication that Jenkins waived her immunity to these section 1983 claims.  Accordingly, this Court **GRANTS** Defendants' Motion to Dismiss [42] as to Plaintiff's claims against Jenkins.

Finally, Plaintiff's AC contains no allegations about the conduct of Defendant Skedeleski or Defendant Mata, except that during the relevant time period, Skedeleski and Mata were employed, respectively, as Deputy Chief and Chief U.S. Probation Officers at the Probation Office.  Id. at ¶¶ 3-4.  As such, this Court finds that Plaintiff fails to allege sufficient facts to adequately state a claim for relief against Defendants Skedeleski and Mata, pursuant to Federal Rule of Civil Procedure 12(b)(6).  This Court **GRANTS** Defendants' Motion to Dismiss [42] as to Plaintiff's claims against Skedeleski and Mata.

The Court **GRANTS** Defendants' Motion in its entirety, with prejudice, as this Court notes Plaintiff cannot amend or modify these claims such as to overcome Defendants' sovereign immunity.

//
//
//
//

### III. CONCLUSION

Based on the foregoing, this Court **GRANTS** Defendants' Motion to Dismiss [42] in its entirety, with prejudice.  The clerk shall close this case.

**IT IS SO ORDERED.**

DATED: April 18, 2016         s/ RONALD S.W. LEW
                              **HONORABLE RONALD S.W. LEW**
                              Senior U.S. District Judge,
                              sitting by designation